UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RIEKE CORPORATION,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**AMERICAN FLANGE &** )<br>**MANUFACTURING CO., INC.,** )<br>)<br>    **Defendant.** ) | **CAUSE NO. 1:06-CV-275** |

**OPINION AND ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order (Docket # 21). As the proposed order is overly broad, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order only for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."). However, the parties' proposed protective order, which seeks to protect information beyond the discovery phase of the proceedings, fails to provide a sufficient basis for finding good cause.

First, the proposed order's definition of "Protected Material" is impermissibly broad. It seeks to protect "any trade secret or confidential research, development, or commercial information, the disclosure of which (whether separately or in conjunction with other

1

information being produced) would, in the producing party's good faith opinion, harm the disclosing party by placing it at a commercial disadvantage." (Proposed Stipulated Protective Order ¶ 3.)

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Though properly demarcated categories of protected material are incorporated into the proposed order "[b]y way of example," the definition of "Protected Material" also encompasses information outside the scope of these defined categories. (Proposed Stipulated Protective Order ¶ 5.)

Second, the proposed order includes terms that are a "fudge," such as "can include, but is not limited to," "reasonably believes," and "contains." (Proposed Stipulated Protective Order ¶¶ 5(c), 6.)  This compounds the vagueness of the proposed order and expands its boundaries even further. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents *containing* confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document); *see Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

2

Finally, the proposed order makes no effort to specify why the purported protected materials are confidential, other than by explaining that the parties are competitors and asserting that the disclosure of confidential information "would be highly damaging and prejudicial to the disclosing entity." (Proposed Stipulated Protective Order ¶ 1.)  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Indeed, if the Court were to approve this order, the parties would essentially be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," since the proposed order is not limited to the discovery phase of the proceedings. *Cincinnati Insurance*,178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES the parties' Joint Motion for Protective Order (Docket # 21).  SO ORDERED.

Enter for this 1st day of November, 2006.

S/ Roger B. Cosbey  
Roger B. Cosbey,

United States Magistrate Judge